Joseph A. Mullaney, III, Esq.
**CONSUMER LITIGATION GROUP**
Law Office of Dimitrios Kolovos, LLC
211 West State Street, Suite 204
Media, PA  19063
Tel 610-616-5303
Fax 610-672-1944
Eml JMullaney@ConsumerLitigators.com

Relief sought is less than $150,000.00; this matter is subject to arbitration pursuant to *L. Civ. R.* 201.1.(d)(1)

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY
(CAMDEN DIVISION)

| | |
|---|---|
| DARICK GARRISON, a citizen of New Jersey,<br><br>     Plaintiff,<br><br>  v.<br><br>MIDLAND FUNDING LLC, a Delaware Limited Liability Company,<br><br>   and<br><br>XYZ Entities I - X,<br><br>   and<br><br>JOHN DOES I – X, in their individual capacities, and as agents for Midland Funding LLC and/or XYZ Entities I - X,<br><br>     Defendants. | DOCKET NO.:<br><br>CIVIL ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

# PARTIES

1. Plaintiff DARICK GARRISON ("Plaintiff") is a citizen and resident of the State of New Jersey.

2. Defendant MIDLAND FUNDING LLC, a Delaware Limited Liability Company (hereinafter "Midland"), is an artificial person and regularly conducts business in the State of New Jersey and is principally located at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

3. Upon information and belief, Defendants XYZ Entities I - X ("XYZ Entities") are unknown artificial persons and regularly conduct business within the State of New Jersey.

4. Defendants JOHN DOES I – X, in their individual capacities, and as agents for Midland Funding LLC ("John Does"), are natural persons and regularly conduct business in the State of New Jersey.

5. At all times material and relevant hereto, XYZ Entities and/or John Does acted as agents in furtherance of the objectives of their principal, Midland; accordingly, Midland is jointly and severally liable for the acts and omissions of their agents.

## JURISDICTION AND VENUE

6. Plaintiff repeats the foregoing Paragraphs as if each were reprinted herein below.

7. Subject matter jurisdiction is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337; personal jurisdiction is proper pursuant to *N.J. Ct. R.* 4:4-4.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the acts, transactions, and occurrences complained of herein occurred in the Atlantic County, State of New Jersey.

## FACTUAL ALLEGATIONS

9. Plaintiff repeats the foregoing Paragraphs as if each were reprinted herein below.

10. On or about February 2, 2005, MRC Receivables Corp. ("MRC") alleged that Plaintiff owed money arising from an alleged consumer credit card account.

11. Plaintiff denied and disputed that he owed any money to MRC; Plaintiff denied that he ever entered into a business relationship with MRC.

12. On or before July 21, 2005, upon information and belief, MRC hired Cohen & Slamowitz, LLP ("Cohen") to collect the alleged account.

13. Or on about July 21, 2005, Plaintiff was attempting to enter into a mortgage in which the lender required outstanding debts satisfied.

14. On or about July 21, 2005, Plaintiff and Cohen compromised and settled the alleged account despite Plaintiff's dispute in order to facilitate Plaintiff's greater goal of obtaining a mortgage.

15. On or about July 21, 2005, the alleged account was extinguished as a result of the compromise and settlement.

16. On or before February 20, 2009, the alleged account was alleged by Midland to be still due and owing despite its previous compromise and settlement.

17. On or before February 20, 2009, Midland hired the debt collection law firm, Hayt, Hayt & Landau, LLC of Eatontown, New Jersey ("HHL"), to collect the alleged account.

18. At all times material and relevant hereto, Defendants acted through themselves and through their agents including, but not limited to, HHL and HHL's employees and agents.

19. At all times material and relevant hereto, Defendants are jointly and severally liable for the acts and omissions of HHL and HHL's employees and agents.

20. On or about January 19, 2009, Defendants telephoned Plaintiff at his home and demanded payment of the alleged account.

21. During that same telephone conversation, Plaintiff informed Defendants that the alleged account had been compromised and settled.

22. During that same telephone conversation, Defendants informed Plaintiff that they were lawyers hired to collect the alleged account.

23. During that same telephone conversation, Defendants refused to identify themselves.

24. During that same telephone conversation, Plaintiff demanded that Defendants cease calling him.

25. Between about January 23 and 30, 2009, Defendants continued to telephone Plaintiff and demand payment of the alleged account.

26. During those same telephone conversations, Plaintiff demanded that Defendants stop calling and harassing him.

27. During those same telephone conversations, Plaintiff demanded an itemization of the alleged account.

28. During those same telephone conversations, Defendants threatened to call Plaintiff's employer in order to garnish Plaintiff's wages.

29. During those same telephone conversations, Plaintiff stated that he did not consent to the wage garnishment where Defendants stated no approval was required.

30. On or about February 20, 2009, Defendants mailed a dunning letter to the Plaintiff attempting to collect the alleged account which stated, *inter alia*:

    a. ATTORNEYS' NOTICE – READ CAREFULLY;

    b. RE: First Consumers National Bank Account Acquired by Midland Funding LLC;

    c. Account No: 5421XXXXXXXX7052;

    d. Balance Due: $1,727.36;

  e. Payable To: "Midland Funding LLC" (File #287238);

  f. Your balance is calculated as follows: Unpaid Balance: $1,176.93; Interest: $550.43; Attorneys' Fees: $.00; Balance Due: $1,727.36;

  g. Under federal law, 15 U.S.C. Sec. 1692 et seq., you are hereby notified that unless you dispute the validity of the debt; and

  h. At this time, no attorney with this firm has reviewed the details of your account.

31. Said dunning letter represented that it was an "Attorneys' Notice" and thus suggested it was directly from an attorney and that an attorney reviewed the details of Plaintiff's alleged account.

32. Upon information and belief, said dunning letter cited a statute section number to confuse and intimidate the "least sophisticated consumer" with undue formality.

33. Said dunning letter misrepresented the character, amount, and status of the alleged debt.

34. Said dunning letter was mailed more than five (5) days after January 19, 2009.

35. On or about February 24, 2009, Plaintiff telephoned the Defendants and stated that the alleged account had been compromised and settled to which the Defendants stated that they would sue him.

36. During said conversation, Defendants stated that the burden of proof regarding the alleged account was on Plaintiff and that Defendants would come after the Plaintiff if they had to.

37. On or about March 2, 2009, Defendants mailed a dunning letter to the Plaintiff attempting to collect the alleged account which stated, *inter alia*:

    a. COUNSEL'S NOTICE – READ CAREFULLY;

    b. RE: First Consumers National Bank Account Acquired by Midland Funding LLC;

    c. Account No: 5421XXXXXXXX7052;

    d. Balance Due: $1,729.26;

    e. Payable To: "Midland Funding LLC" (File #287238);

    f. Your balance is calculated as follows: Unpaid Balance: $1,176.93; Interest: $552.33; Attorneys' Fees: $.00; Balance Due: $1,729.26;

    g. Under federal law, 15 USC. Sec. 1692 et seq., you are hereby notified that the Law Firm of Hayt, Hayt & Landau represents clients in the area of creditors' rights;

    h. At this time, no attorney with this firm has reviewed the details of your account;

38. Said dunning letter represented that it was an "Counsel's Notice" and thus suggested it was directly from an attorney and that an attorney reviewed the details of Plaintiff's alleged account.

39. Upon information and belief, said dunning letter cited the statute section number to confuse and intimidate the "least sophisticated consumer" with undue formality.

40. Said dunning letter implied that it was a creditor rights law firm and/or approved to engage in creditors rights pursuant to a consumer rights statute.

41. Said dunning letter overshadowed Plaintiff's 15 U.S.C. § 1692g rights by its demanding tone during the 30-day period called for in 15 U.S.C. § 1692g.

42. Said dunning letter misrepresented the character, amount, and status of the alleged debt.

43. Upon receipt of the "Attorneys' Notice" and/or "Counsels' Notice," Plaintiff telephoned the Defendants and again informed them that the alleged debt was compromised and settled.

44. During said telephone conversation, Defendants informed Plaintiff that he would pay the alleged account one way or another.

45. Defendants continued to telephone the Plaintiff and demand payment of the alleged account.

46. During said telephone conversations and in the face of Plaintiff's repeated insistence that the alleged account was compromised and settled, Defendants demeaned Plaintiff by stating that they always pay their bills on time and asked why he did not.

47. Said telephone conversations were directed to Plaintiff's cell telephone despite Plaintiff's repeated demands that Defendants stop telephoning his cell telephone.

48. On or about March 20, 2009, Defendants telephoned Plaintiff while he was at his place of employment and demanded payment of the alleged debt.

49. On or about March 30, 2009, despite Plaintiff's repeated claims to the contrary, Defendants filed a state-court lawsuit against the Plaintiff.

50. On or about April 8, 2009, Plaintiff telephoned Defendants and discussed the state-court lawsuit.

51. During said telephone conversation, Defendants informed Plaintiff that if he had paid his bill in timely manner, he would not have the problem of a lawsuit.

52. During said telephone conversation, Defendants informed Plaintiff that they would get the money one way or another.

53. On or about April 9, 2009, Defendants and Plaintiff spoke via the telephone where Plaintiff again denied that any money was owed on the alleged

account, and Plaintiff inquired if they cared about how he felt about the unfairness of the collection harassment on a debt that is not owed.

54. During said telephone conversation, Defendants stated that they did not care how Plaintiff felt about the collection process because had he paid his bills, he would not be in a harassing situation.

55. As a direct and proximate result of Defendants' harassing telephone calls, misleading and deceptive dunning letters, false threats, and attempts to collect a non-existent debt, Plaintiff sustained monetary damages, as well as mental distress arising from the embarrassment, humiliation, harassment, and abuse caused by the Defendants.

## COUNT ONE
**(Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)**

56. Plaintiff repeats the foregoing Paragraphs as if each was reprinted herein below.

57. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and is alleged to have owed a "debt" of a "personal, family, or household" nature as defined by 15 U.S.C. § 1692a(5).

58. Defendants are regularly engaged in the third-party collection of consumer debts and engaged in "communication[s]" as defined 15 U.S.C. § 1692a(2) and are "debt collector[s]" as defined 15 U.S.C. § 1692a(6).

59. The Defendants violated 15 U.S.C. § 1692, *et seq.*

60. Without lawful right, the Defendants communicated in connection with the collection of debt at unusual times and places inconvenient and known to be inconvenient to the Plaintiff in violation of 15 U.S.C. § 1692c(a)(1).

61. In connection with the collection of the alleged debt, the Defendants engaged in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff by engaging in telephone conversation repeatedly with intent to annoy, abuse, and harass the Plaintiff in violation of 15 U.S.C. § 1692d(5).

62. In connection with the collection of the alleged debt, the Defendants used false, deceptive, and misleading representations and means by falsely representing the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. § 1692e(2)(A).

63. In connection with the collection of the alleged debt, the Defendants used false, deceptive, and misleading representations and means by falsely representing and implying that a communication was from an attorney in violation of 15 U.S.C. § 1692e(3).

64. In connection with the collection of the alleged debt, the Defendants used false, deceptive, and misleading representations and means by falsely representing and implying that nonpayment of the alleged debt would result

in the seizure, garnishment, or attachment of Plaintiff's wages where such action was unlawful in violation of 15 U.S.C. § 1692e(4).

65. In connection with the collection of the alleged debt, the Defendants used false, deceptive, and misleading representations and means by falsely representing and implying that nonpayment of the alleged debt would result in the seizure, garnishment, or attachment of Plaintiff's wages where there was no intent to take such action in violation of 15 U.S.C. § 1692e(4).

66. In connection with the collection of the alleged debt, the Defendants used false, deceptive, and misleading representations and means by falsely representing and implying that documents are legal process in violation of 15 U.S.C. § 1692e(13).

67. In connection with the collection of the alleged debt, the Defendants used unfair and unconscionable means by collecting and attempting to collect amounts not expressly authorized by an agreement in violation of 15 U.S.C. § 1692f(1).

68. In connection with the collection of the alleged debt, the Defendants failed within five days after the initial communication with the Plaintiff to send written notice containing the amount of the debt in violation of 15 U.S.C. § 1692g(a)(1).

69.  In connection with the collection of the alleged debt, the Defendants failed within five days after the initial communication with the Plaintiff to send written notice containing the name of the creditor to whom the alleged debt is owed in violation of 15 U.S.C. § 1692g(a)(2).

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants for actual damages, statutory damages, costs, reasonable attorney's fees, interest, and other relief as may be just and proper.

**Plaintiff demands a trial by jury.**

> BY:   s/Joseph A. Mullaney, III
> Joseph A. Mullaney, III, Esq.
> **CONSUMER LITIGATION GROUP**
> Law Office of Dimitrios Kolovos, LLC
> 211 West State Street, Suite 204
> Media, PA  19063
> Tel 610-616-5303
> Fax 610-672-1944
> Eml JMullaney@ConsumerLitigators.com